UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

RONALD P. WAGONER, )
)
      Plaintiff, )
) Case No. 3:10-CV-254
v. )
) Chief Judge Curtis L. Collier
SUMMIT MEDICAL GROUP, *et al.* )
)
      Defendants. )

## **ORDER**

Including the instant case, Plaintiff Ronald Wagoner ("Wagoner") has now filed twenty-three *pro se* complaints in the Eastern District of Tennessee. Two of these complaints were filed within the past year. *Wagoner v. Peebles, et al.*, 3:09-mc-26 (filed June 8, 2009) and the instant case (filed June 9, 2010). In both cases, Wagoner was denied *in forma pauperis* status and the cases were dismissed. In *Peebles*, the case was dismissed for failure to prosecute and the instant case was dismissed as frivolous.

These two complaints are a representative snapshot of Wagoner's pattern of filing baseless claims in the Eastern District of Tennessee. Wagoner's other twenty-one cases were all dismissed at the initial pleading stage. Eight complaints were dismissed as frivolous.[1] Four complaints were dismissed based on a failure to prosecute or comply with orders of the court.[2] Nine were dismissed

---

[1] *Wagoner v. Salvation Army, et al.*, 3:04-cv-197; *Wagoner v. Social Security Administration, et al.*, 3:05-cv-208; *Wagoner v. Public Defender's, et al.*, 3:93-cv-321; *Wagoner v. Emery*, 3:93-cv-703; *Wagoner v. Bowers, et al.*, 3:94-cv-691; *Wagoner v. Great America Wheel, et al.*, 3:94-cv-704; *Wagoner v. Channel 6 TV Station, et al.*, 3-96-cv-633; *Wagoner v. Walker*, 3:96-cv-825.

[2] *Wagoner v. Athens Housing Auth., et al.*, 1:01-cv-24; *Wagoner v. Walgreens Drug Store et al.*, 3:05-mc-2; *Wagoner v. Bowers, et al.*, 3:93-cv-707; *Wagoner v. Walker*, 3:95-cv-604.

for failure to state a claim.[3] In addition to filing a large number of meritless complaints in this district, Wagoner threatened to assault a United States Magistrate Judge. *United States v. Ronald Wagoner*, 3:05-cr-48.

Wagoner's history reflects a pattern of repetitive, vexatious, and frivolous litigation. His actions in filing the above cases have placed an undue burden on the court and have interfered with the due administration of justice. Wagoner has a constitutional right of access to the federal courts. The Court, however, has inherent authority to control the conduct of the litigants before it, to promote the administration of justice, and to fashion an appropriate remedy to address litigation abuses. *Chambers v. NASCO, Inc.*, 501 U.S. 32, 43-50 (1991). "It is permissible to require one who has abused the legal process to make a preliminary showing that a tendered civil lawsuit is not frivolous or vexatious before the Court permits it to be filed." *Rowe v. Register*, 1:07-CV-20, 2008 WL2009186 at * 24 (E.D. Tenn. May 8, 2008) (citing *Chambers*, 501 U.S. at 43-50).

When litigants, such as Wagoner, abuse their right or privilege of filing cases or motions in court, it has been held appropriate to prohibit the litigants from filing cases or motions, or only doing so with prior consent of the court. *Feathers v. Chevron U.S.A., Inc.*, 141 F.3d 264, 269 (6th Cir. 1998) (affirming an injunction prohibiting filing future cases without leave of court and upholding the method of "imposing prefiling restrictions in matters with a history of repetitive or vexatious litigation."); *Rowe v. City of Detroit*, 55 F. App'x 316 (6th Cir. 2003) (affirming prohibition of filing any new action without prior written judicial approval); *Rowe*, 2008 WL200918 (enjoining the

---

[3]*Wagoner v. Southeast TN Reg. Cor, et al.*, 1:99-cv-136; *Wagoner v. Jenkins, et al.*, 1:99-cv-192; *Wagoner v. Bowers*, 3:93-cv-465; *Wagoner v. McNew*, 3:95-cv-646; *Wagoner v. Weigel's Inc., et al.*, 3:95-cv-680; *Wagoner v. McNew, et al.*, 3:96-cv-632; *Wagoner v. Knox City Detention, et al.*, 3:97-cv-119; *Wagoner v. Holland*, 3:97-cv-542; *Wagoner v. McGovern, et al.*, 3:97-cv-559.

plaintiff from filing any further lawsuits against certain defendants without obtaining the Court's written approval and warning failure to comply may result in sanctions under Fed. R. Civ. P. 11)

Based on his seventeen-year history in this district, it is reasonable to anticipate Wagoner will persist in his current pattern of litigation. The Court concludes that a permanent injunction in this case is necessary to reduce the risk Wagoner will continue filing repetitive, frivolous, and vexatious cases. The Court will therefore exercise its inherent authority to issue this injunction as "a screening mechanism to filter out future complaints raising claims identical to those that have been rejected on so many previous occasions." *Feathers*, 141 F.3d at 269-270.

Accordingly, Ronald P. Wagoner, is hereby **ORDERED** not to file any case, motion, pleading, affidavit, effort to intervene, or any other matter in any case in the Eastern District of Tennessee without the prior written authorization as to any and each case, motion, pleading, affidavit, effort to intervene, or other matter, of the Chief Judge of the Eastern District of Tennessee.

The Clerk of Court is **ORDERED** to not accept any case, motion, pleading, affidavit, effort to intervene, or any other matter from Ronald P. Wagoner, without the prior written authorization of the Chief Judge of the Eastern District of Tennessee.

Further, the Clerk of Court shall promptly notify the Chief Judge of any effort to file such matter by Ronald P. Wagoner or anyone acting on his behalf.

This Order shall be in effect until further order of the Court.

**SO ORDERED**.

**ENTER:**

**/s/**
**CURTIS L. COLLIER**
**CHIEF UNITED STATES DISTRICT JUDGE**